IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL CASUALTY, a/s/o )
WILSON DELIVERY SERVICE, INC., )
)
        Plaintiff, )
) Case No. 13-cv-5596
        v. )
) Judge Robert M. Dow, Jr.
UNITED STATES GOVERNMENT, d/b/a )
UNITED STATES POSTAL SERVICE )
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to dismiss [11] Plaintiff's complaint [1] filed by Defendant United States of America. For the reasons set forth below, the Court grants Defendant's motion [11].

**I.    Background**

The following facts are drawn from Plaintiff's complaint:[1] On September 6, 2007, David Kick, then an employee of Wilson Delivery Service, Inc., was involved in a car accident with an employee of the United States Postal Service ("USPS") in the parking lot of a USPS branch in Palatine, Illinois. Plaintiff General Casualty Insurance Company, which provided workers' compensation insurance to Wilson Delivery employees, paid Kick $192,889.54 for the medical expenses and lost wages that arose from Kick's injuries. Plaintiff sought to recover those monies from the United States, first by filing an unsuccessful administrative claim with USPS, and then

---

[1] For the purposes of Defendant's motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

by bringing a timely federal negligence lawsuit against the United States Government d/b/a United States Postal Service within six months of the denial of its administrative claim.

Although Plaintiff's complaint states that it "filed *this* action against the United States Government, d/b/a United States Postal Service within six months of the denial" of its administrative claim, (emphasis added), the Government's motion to dismiss points out (and Plaintiff concedes in its response) that that statement actually is not true. Govt MTD at p. 2-3; Pl. Opp. Br. at p. 2. In reality, USPS denied Plaintiff's administrative claim on May 31, 2011 and then denied Plaintiff's request for reconsideration on August 1, 2011 (the "final denial" of Plaintiff's administrative claim). *Id.* Plaintiff did file a lawsuit in the Northern District of Illinois within six months of the denial, (see Complaint [1] filed November, 29, 2011 in 11-cv-8498), but not this lawsuit. *Id.* In the prior case, Plaintiff filed a stipulation of dismissal at the close of fact discovery on October 3, 2012,[2] and Judge Kendall dismissed Plaintiff's case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(iii). See Stipulation of Dismissal [12, 13] in 11-cv-8498.

On August 6, 2013, just over ten months later, Plaintiff brought *this* suit, in which it filed an identical complaint to the one it had filed in the earlier case assigned to Judge Kendall (which explains the complaint's errant use of the word "this," referenced above). Govt MTD at p. 2-3; Pl. Opp. Br. at p. 2. The United States now moves to dismiss Plaintiff's complaint for failure to comply with the administrative exhaustion requirements of the Federal Tort Claims Act – namely, 28 U.S.C. § 2401(b)'s edict that a tort claim against the United States is "forever barred" unless brought within six months of a Federal agency's final denial of that claim.

---

[2] In Plaintiff's response brief, it represents that it dismissed that suit "due to discovery issues with David Kick." The Government's motion to dismiss more precisely states that the "issue" was that Plaintiff could not locate David Kick, and so Plaintiff could not prove its case.

2

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). As previously noted, reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiffs' complaint and draws all reasonable inferences in their favor. *Killingsworth*, 507 F.3d at 618. To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

"In response to an ordinary 12(b)(6) motion, a court simply examines the allegations in the complaint to determine whether they pass muster." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Usually, to consider matters outside the pleadings, our procedural rules require a court to treat a motion to dismiss as a motion for summary judgment and give the parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Id.* However, "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). In addition, "a court may take judicial notice of [adjudicative] facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* at 773; Fed. R. Evid. 201(b). "Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties." *Gen. Elec. Capital Corp.*, 128 F.3d at 1081.

### III. Analysis

Defendant seeks dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's failure to bring this suit within six months of USPS's final agency decision mandates that result. General Casualty concedes both that 28 U.S.C. § 2401(b) affords a would-be Plaintiff just six months from the final denial of a claim by the agency to which it was presented and that the six-month clock in this case started ticking when USPS issued its final denial letter on August 1, 2011. But Plaintiff argues, in effect, that the timely filing of its complaint in 11-cv-8498 (on November 29, 2011) should satisfy the statute of limitations problem that otherwise would exist in this case. Without citing

4

to a single case for support, Plaintiff argues that dismissing his suit on statute of limitations grounds would offend Rule 41(a)(1), which permitted Plaintiff to dismiss his first suit without prejudice to refiling. Fed. R. Civ. P. 41(a)(1). In Plaintiff's words: "[a]pplying Defendant's theory to this matter, and to other matters similarly situated, would essentially mean that Rule 41 of the Federal Rules of Civil Procedure serves no purpose since the statute of limitations pursuant to 28 U.S.C. § 2401(b) would have lapsed and a case dismissed by stipulation could not be re-filed." Pl. Opp. Br. at p. 3. The Court rejects Plaintiff's policy argument, as it is foreclosed by controlling Seventh Circuit precedent.

It is true that in situations like this one where a plaintiff voluntarily dismisses its suit after the statute of limitations has run, the plaintiff is out of luck. But that result in no way undermines Rule 41(a)(1). This is not merely "Defendant's theory," but the well-settled law of the Seventh Circuit. "[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); see also *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) ("A suit that is voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed."). "Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. The strongest case for the rule that the running of the statute of limitations is unaffected by a dismissal without prejudice is therefore the case in which the plaintiff procured the dismissal as by voluntarily dismissing the suit." *Id.* In no uncertain terms, "[t]he rule is therefore as [the Seventh Circuit] stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." *Id.* The Seventh Circuit, thus, has explicitly considered and rejected Plaintiff's argument.

Alternatively, Plaintiff argues – again, without citing any supporting case law – that his complaint in this case should relate back to the date on which Plaintiff filed its complaint in its 2011 case. Because the "two cases are identical in every respect," Plaintiff contends, Defendant has had notice of Plaintiff's claims since the filing of its first complaint. Plaintiff misunderstands the relation back doctrine. Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). There is no federal rule that permits a complaint in a fresh suit to relate back to a complaint in an entirely separate suit, even when the cases arise from the same incident or, like here, the complaints are identical. "In federal law, the criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint *in the amended one*." *Marshall v. H& R Block Tax Services, Inc.*, 564 F.3d 826, 831 (7th Cir. 2009) (emphasis added). Here, Plaintiff has not filed an amended complaint. Instead, as discussed, Plaintiff voluntarily dismissed its first suit without prejudice. But "'[w]ithout prejudice' does not mean 'without consequence.' If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989). Accordingly, Plaintiff cannot avail itself of the relation-back doctrine and for statute of limitations purposes treat its complaint in this suit as though it was filed on the date of the complaint in its earlier suit before Judge Kendall.

The Seventh Circuit has "emphasized . . . the social importance of limitations periods for suing." *Elmore*, 227 F.3d at 1013. "Such deadlines minimize legal uncertainty both about the outcome of eventual litigation and about the existence and scope of the potential defendant's

liability." *Id.* "Rapid resolution of disputes, repose for those against whom a claim could be brought, and avoidance of litigation involving lost evidence or distorted testimony of witnesses" are all important policies that underlie statutes of limitations. *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 553 (7th Cir. 1996). Moreover, the Federal Tort Claims Act ("FTCA") is a limited waiver of the sovereign immunity of the United States and imposes liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omissions occurred." *Warrum v. U.S.*, 427 F.3d 1048, 1049-50 (7th Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1)). As a condition of this limited waiver, the FTCA imposes its own procedural rules. *Id.* Relevant here, Congress created a statute of limitations whereby a claimant must first "present a claim to the appropriate federal agency within two years of the date of its accrual" and then "file a legal action, if at all, no more than six months after the federal agency mails its notice of final denial of that claim." *Miller v. U.S.*, 741 F.2d 148, 150 (7th Cir. 1984); 28 U.S.C. § 2401(b).

Plaintiff timely presented its claim to USPS within two years of the incident and then brought a tort claim in federal court within six months of the agency's final denial of his administrative claim. However, he did not bring *this* suit within six months of that denial. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* In Section 2401(b), Congress did not say that bringing a suit within six months of the agency's final denial, and then voluntarily dismissing that suit, preserves the Government's waiver of immunity as to plaintiff's claim in all future suits for all time, and the Court will not read the text of the statute to imply such a broad

waiver of sovereign immunity. The Supreme Court's decision in *Lane*, as well as the Seventh Circuit's pronouncements concerning the effect of voluntary dismissals on statutes of limitations, counsel otherwise. See *Elmore*, 227 F.3d at 1011 ("[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. Were this not the rule . . . [t]he plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it.").[3] Therefore, the Court concludes that Plaintiff's suit is "forever barred" by Section 2401(b), which dictates that, to bring its tort claim against the United States, Plaintiff would have had to commence his action within six months of the notice of final denial of its claim by USPS. Because Plaintiff filed this lawsuit more than two years after USPS issued its final denial, this claim is time-barred.

The Court notes that, in arriving at this conclusion, it took judicial notice of the docket in 11-cv-8498, which permitted the Court to consider the date on which Plaintiff filed its complaint and the fact of its voluntary dismissal without prejudice in that case without needing to convert Defendant's motion into a motion for summary judgment. See *Gen. Elec. Capital Corp.*, 128 F.3d at 1081 ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.") (quoting 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5106, at 505 (1st ed. 1977 & Supp. 1997); see also *Ennenga*, 677 F.3d at 773 ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment."). These judicially-noticeable facts,

---

[3] The Seventh Circuit noted that the harshness of this rule is mitigated, when applicable, by the doctrine of equitable tolling. *Elmore*, 227 F.3d at 1011. Although Plaintiff does not make an equitable tolling argument, the Court notes that equitable tolling is inapplicable in this case. That doctrine applies to "situations in which, without fault by the defendant, the plaintiff is unable to sue within the statutory period. The standard example is where despite the exercise of due diligence the plaintiff simply cannot discover the wrongdoer's identity, or facts essential to show that there was an actionable wrong within the statutory period." *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Here, Plaintiff did, in fact, sue within the statutory period, because it knew the identity of the alleged wrongdoer (the United States) and essential facts of the alleged wrong (a car accident at a USPS branch).

which are not ascertainable from the face of Plaintiff's complaint itself, enabled the Court to determine the statute of limitations issue (that is, that Plaintiff filed the complaint in this case more than six months after receiving notice of final agency denial from USPS) without resorting to the attachments to Defendant's motion to dismiss.[4] The first of Defendant's exhibits – an affidavit submitted by an attorney from the United States Postal Service National Tort Center – for example, is not a judicially-noticeable adjudicative fact. The letters from USPS indicating the agency's denial of Plaintiff's claim (on May 31, 2011) and final denial upon reconsideration (on August 1, 2011) arguably are judicially noticeable, since these dates (1) do not seem to be subject to reasonable dispute (in fact, the parties do not dispute them) and (2) are capable of accurate and ready determination through sources whose accuracy cannot be questioned (the letters themselves, the authenticity of which the parties do not dispute). See *e.g., Byers v. Principi*, 2003 WL 1811529, at *2 n.1 (N.D. Ill. Apr. 4, 2003) (taking judicial notice of a letter constituting the Final Agency Decision of the Department of Veteran Affairs and, especially, the date of that decision, to determine if the plaintiff ran afoul of the statute of limitations after exhausting administrative remedies). And although both parties attach and cite to these letters to their briefs, it is unclear to the Court whether or not these decisions (or, more importantly, the dates of these decisions) are in the public record. Because the Court could ascertain the pertinent statute-of-limitations information without resorting to Defendant's attachments, however, the Court decided this issue without converting Defendant's motion to dismiss into a motion for summary judgment.

---

[4] More precisely, if Plaintiff filed the complaint in 11-cv-8498 on November 29, 2011 and that filing was within six months of receiving final agency denial, then Plaintiff obviously filed the complaint in this case (on August 6, 2013) much more than six months after USPS's final denial of Plaintiff's administrative claim. Plaintiff does not dispute this.

9

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss [11] is granted.

Dated: May 27, 2014

_____
Robert M. Dow, Jr.
United States District Judge