# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GENERAL CASUALTY, a/s/o ) <br> WILSON DELIVERY SERVICE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES GOVERNMENT, d/b/a ) <br> UNITED STATES POSTAL SERVICE ) <br> ) <br> Defendant. ) | Case No. 13-cv-5596 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to reconsider the Court's May 27, 2014 Opinion and Order, granting Defendant's motion to dismiss. For the reasons set forth below, the Court denies Plaintiff's motion [17].

**I.     Background**

Plaintiff's complaint alleges that on September 6, 2007, David Kick, then an employee of Wilson Delivery Service, Inc., was involved in a car accident with an employee of the United States Postal Service ("USPS") in the parking lot of a USPS branch in Palatine, Illinois. Plaintiff General Casualty Insurance Company, which provided workers' compensation insurance to Wilson Delivery employees, paid Kick $192,889.54 for the medical expenses and lost wages that arose from Kick's injuries. Plaintiff sought to recover those monies from the United States on the theory that the Government employee involved in the accident was negligent. To that end, Plaintiff filed an administrative claim with USPS. USPS denied Plaintiff's administrative claim

on May 31, 2011 and denied Plaintiff's request for reconsideration on August 1, 2011. Plaintiff then timely filed a federal lawsuit (though not this one) against the United States Government d/b/a United States Postal Service in the Northern District of Illinois on November 29, 2011, within the six-month limitations period established by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2401(b). That case, 11-cv-8498, was assigned to Judge Kendall. When fact discovery closed on October 3, 2012, Plaintiff filed a stipulation of dismissal, apparently due to its inability to locate Kick and/or to prove its negligence claim with the evidence garnered in discovery. Judge Kendall dismissed Plaintiff's case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(iii).

On August 6, 2013, just over ten months later, Plaintiff brought this suit, in which it filed an identical complaint to the one it had filed in the earlier case assigned to Judge Kendall. The United States moved to dismiss Plaintiff's complaint for failure to comply with the limitations period set forth by of the FTCA – namely, 28 U.S.C. § 2401(b)'s edict that a tort claim against the United States is "forever barred" unless brought within six months of a Federal agency's final denial of that claim. The Court granted the Government's motion and entered judgment on May 27, 2014. See [15, 16]. Plaintiff did not appeal the Court's decision. Instead, on July 24, 2014, Plaintiff filed the motion for reconsideration at issue here pursuant to Rule 60(b), which permits a court to relieve a party from a final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

## II. Motion for Reconsideration Legal Standard

It is well established that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting

2

*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996)). In regard to the "manifest error" prong, the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); see also *Wiegel v. Stork Craft Mfg., Inc.,* 2012 WL 2130910, at *2 (N.D. Ill. June 6, 2012) ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing."); *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"); *Bilek v. American Home Mortg. Servicing,* 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010). And with respect to the second prong, the court of appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191. Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

Although Rule 60(b) includes a catch-all provision, permitting courts to relieve a party from a final judgment for "any" "reason that justifies relief," "relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). Moreover, "[t]he ground for setting aside a judgment under Rule 60(b) must be something that

could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

**III.     Analysis**

In its three-page motion for reconsideration, Plaintiff argues that the Court should vacate its Order dismissing Plaintiff's complaint for the singular reason that "the Federal Tort Claims Act is silent with respect to the procedures required when refiling a cause that was previously voluntarily dismissed, but complied with the administrative exhaustion rule." This argument is not new. In fact, it was the basis for Plaintiff's opposition to Defendant's motion to dismiss, and thus, the Court addressed it at length in its Opinion. On page 5, for example, the Court cited two Seventh Circuit cases – *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), and *Nelson v. Napolitano*, 657 F.3d 586 (7th Cir. 2011) – which stress the social importance of statutes of limitations. See [15] at p. 5. *Nelson* expressly held that "[a] suit that is voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed." 657 F.3d at 587. And *Elmore* made clear that "when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." 227 F.3d 1011. "Were this not the rule, statutes of limitations would be easily nullified," the Seventh Circuit said. *Id.* "The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it." *Id.* The Federal Tort Claims Act's silence with respect to voluntarily dismissals, therefore, did not (and cannot) carry the day for Plaintiff, in view of the general rule. For good measure, the Court went on to discuss the narrow manner in which courts are to construe the United States' limited waiver of sovereign immunity by way of the FTCA and explained why Plaintiff cannot avail itself of the relation back doctrine or the doctrine of estoppel in this case.

The Court, therefore, has not "patently misunderstood" Plaintiff, nor has it made a "decision outside the adversarial issues presented to the Court by the parties" or "made an error . . . of apprehension" (or reasoning,[1] for that matter). *Bank of Waunakee,* 906 F.2d at 1191. Plaintiff simply disagrees with the Court's decision. Plaintiff could have filed a timely appeal, but chose not to. That alone renders Plaintiff's reconsideration motion improper and serves as an independent basis for denying it. See *Bell*, 214 F.3d at 801. Plaintiff itself recognizes that Rule 60(b) motions are to be granted only "when extraordinary circumstances exist." This plainly is not one.

**IV. Conclusion**

For the reasons stated above, Plaintiff's motion for reconsideration [17] is denied.

Dated: August 28, 2014

_____
Robert M. Dow, Jr.
United States District Judge

---

[1] The Court notes that in the one reported case where a plaintiff, as here, voluntarily dismissed an FTCA case outside of the six-month statute of limitations period and then later attempted to bring that same suit, the Court determined – for many of the same reasons espoused in the Court's May 27, 2014 Opinion – that it, too, was time-barred by 28 U.S.C. 2401(b). *Lehman v. United States*, 154 F.3d 1010, 1014-15 (9th Cir. 1998).